UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

In re: STEVEN J. ANCONA,

                                        Debtor.
-------------------------------------------------------------- X

STEVEN J. ANCONA,

                                        Appellant,

                    -v-

3 WEST 16TH STREET, LLC,

                                        Appellee.
-------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: November 17, 2016

16-cv-8804 (KBF)

OPINION & ORDER

KATHERINE B. FORREST, District Judge:

This is an appeal by debtor-appellant Steven J. Ancona from a November 3, 2016 order of the United States Bankruptcy Court for the Southern District of New York (Vyskocil, J.) (the "Bankruptcy Court") appointing a Chapter 11 trustee. (ECF No. 1.) Before the Court is debtor-appellant's motion for a temporary restraining order ("TRO") and stay pending appeal to prevent the Chapter 11 trustee from taking any actions vis-à-vis his estate until this appeal is resolved. (ECF Nos. 7, 9.)[1]

For the reasons set forth below, the Court finds that debtor-appellant has failed to make a sufficient showing of irreparable harm to merit the relief requested. Given that failure, the Court declines to reach the additional elements

---

[1] The same motion appears to have been filed on ECF twice.

of likelihood of success on the merits or balance of the hardships.  In addition, the Court has not identified any facts supportive of the issuance of a stay pending appeal.

Appellant's motion is therefore DENIED.

I.    BACKGROUND[2]

Debtor-appellant Ancona (hereafter, "appellant") is, <u>inter alia</u>, an owner and investor in a number of companies that own and manage real properties.  He owns 95% of Flat Iron Real Estate Advisors, LLC ("Flat Iron"); the other 5% are owned in equal shares by his parents.  Flat Iron, in turn, has interests in a number of other LLCs which own and manage various real properties.  The LLCs are managed through operating agreements; Ancona is designated as the managing member in certain of those agreements.

On March 5, 2014, appellant filed a voluntary petition for relief under Chapter 11 in the Bankruptcy Court.  Bankr. Case No. 14-10532.  One of the creditors of his estate is 3 West 16th Street, LLC ("3 West 16th Street")—the appellee herein.  Appellant and appellee have been litigating an adversary proceeding relating to claims appellee asserts are valued at $20 million or more.  Apparently, though this Court knows very little about that litigation, the claims arise from a personal guarantee Ancona is alleged to have made.  The parties dispute whether that proceeding and the various issues involved in the bankruptcy proceeding have been dealt with expeditiously and, to some extent, properly;

---

[2] These facts derive from the filings in support of and in opposition to the motion, as well as statements made during a hearing the Court held on November 15, 2016.

Appellant argues that the damage claim is "made up" and has been inexplicably growing exponentially over the past few years.

On August 26, 2016, appellee 3 West 16th Street filed a motion to convert appellant's Chapter 11 case to one under Chapter 7 or, in the alternative, to appoint a Chapter 11 trustee.  At a contested hearing on November 3, 2016, the Bankruptcy Court found that the interests of the creditors of the estate as well as the estate itself would be served by the appointment of a Chapter 11 trustee.  Specifically, the Bankruptcy Court stated:

> The totality of the circumstances in the Court's view, support the conclusion that the best [interests] of all of the creditors and of the estate would be served by the appointment of a trustee.  I do find that there has been a lack of meaningful progress in the Chapter 11 case since it was filed two and a half years ago.  I'm troubled by apparent conflicts of interest that are present in the circumstances of this particular case.  I'm troubled by the failure to investigate potential fraudulent transfers by the interrelatedness of the various companies in which Ancona has holdings and who has been involved in some prior proceedings before this Court.  I do find that there has been a lack of transparency in this bankruptcy proceeding.  And all of that supports my conclusion that the best interests of all of the creditors and of the estate would be served by the appointment of a Chapter 11 trustee.

(Declaration of Douglas J. Pick dated November 14, 2016 (ECF No. 10), Ex. E, ECF No. 10-8 at 69:8-22.)  Thereafter, on November 3, 2016, the Bankruptcy Court entered an order formally granting the motion and directing the appointment of a Chapter 11 trustee (the "Trustee Order").  On November 4, 2016, Ancona filed a notice of appeal of that order.  (ECF No. 1.)  On November 7, 2016, the United States Trustee appointed Marianne T. O'Toole as the Chapter 11 trustee (the "Trustee").

On November 15, 2016, appellant moved in this Court for a TRO and stay pending appeal. (ECF Nos. 7, 9.) That same day, this Court held a hearing that lasted several hours. In light of the issues raised, the Court determined that it would proceed as follows: (1) it would determine whether the Trustee Order was immediately appealable, (2) if so, it would address the question of whether appellant had made a sufficient showing of irreparable harm to support either a TRO or a stay pending appeal, and (3) if that showing was made, the parties would be directed to file any additional materials necessary to an assessment of a likelihood of success on the merits.[3]

On November 15, 2016 this Court issued an order indicating that the Trustee Order was immediately appealable. (ECF No. 5.)[4] This Opinion & Order addresses the question of irreparable harm.

II.   RELEVANT LEGAL PRINCIPLES

   A.   Standards Governing the Issuance of Temporary Restraining Orders

A temporary restraining order "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the

---

[3] Appellee and the Trustee indicated that they had not had sufficient time to prepare a submission containing the factual materials supporting the Bankruptcy Court's determination that the Trustee's appointment was appropriate. It appears that such materials would include information relating to each of the factual issues recited in the Bankruptcy Court's oral decision and could be voluminous.

[4] Appellee has also argued that this motion is premature insofar as the Bankruptcy Court has indicated that a fuller written decision on the appointment of the trustee is forthcoming. This Court appreciates that position. However, in light of the fact that the order directing the appointment of a Chapter 11 trustee was signed by the Bankruptcy Court on November 3, 2016 and that appointment has occurred, there has been a change in the status quo. If there was irreparable harm (which, as discussed below, there is not), it would be important to ensure that such an order could be appealed promptly. In a situation in which an order is immediately appealable as of right, the Bankruptcy Court might want to consider holding issuance of the order directing appointment until the fuller decision has been issued.

burden of persuasion." <u>Grand River Enter. Six Nations, Ltd. v. Pryor</u>, 481 F.3d 60, 66 (2d Cir. 2007). The function of a temporary restraining order is to maintain the status quo for a short period of time, usually only until a hearing can be held. <u>See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.</u>, 415 U.S. 423, 439 (1974). To obtain a temporary restraining order, the movant must demonstrate "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair grounds for litigation and a balance of hardships tipping decidedly in the movant's favor." <u>MyWebGrocer, L.L.C. v. Hometown Info., Inc.</u>, 375 F.3d 190, 192 (2d Cir. 2004).

The first and most important element this Court must examine is whether in the absence of issuing a temporary restraining order, there will be irreparable harm. <u>See, e.g.</u>, <u>Rodriguez ex rel. Rodriguez v. DeBuono</u>, 175 F.3d 227, 234 (2d Cir.1999); <u>Emmet & Co. v. Catholic Health East</u>, No. 11-cv-3272 (RMB), 2011 WL 2015533, at *3 (S.D.N.Y. May 18, 2011). To establish irreparable harm, "[t]he movant must demonstrate an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." <u>Rodriguez ex rel. Rodriguez v. DeBuono</u>, 175 F.3d 328, 332 (2d Cir.1995) (internal quotation marks and citations omitted).

   B. <u>Stay Pending Appeal</u>

In determining whether to grant a motion for a stay pending appeal, this Court analyzes the following factors: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant

will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." <u>Nken v. Holder</u>, 556 U.S. 418, 434 (2009). "The burden is on the moving party to establish these elements." <u>In re New York Skyline, Inc.</u>, 520 B.R. 1, 5 (Bankr. S.D.N.Y. 2014). "A stay of a judgment pending an appeal is an exercise of judicial discretion and is not a matter of right, even if irreparable injury might otherwise result." <u>Id.</u>

III.   DISCUSSION

As described above, the focus of this decision is whether appellant has made a sufficient showing that he will be irreparably harmed by the appointment of the Trustee and actions taken by the Trustee in connection with the bankruptcy estate. The law is clear that irreparable harm is "an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." <u>Rodriguez</u>, 175 F.3d at 332. Typically, movants seeking injunctive relief address this element by proffering significant facts suggestive of such harm. Appellant has not done so. Indeed, all that he has done by way of a showing is proffer argument. That is insufficient.

Appellant has made three arguments in support of his position that he will be irreparably harmed if the Trustee fulfills the very duties she has been appointed to fulfill. First, he argues that the Trustee will become "so ensconced" that a reversal of the order appointing her would be "moot". (ECF No. 8 at 19.) This makes little sense and certainly does not support a finding of irreparable harm. The Trustee is appointed to do that which the Ancona himself is supposed to be doing—

6

administering the estate and dealing with issues in a manner that progresses the bankruptcy proceeding.  If it turns out she has been appointed improvidently, she will cease to fulfill those functions.  That is all.  There are no facts suggesting that the Trustee would be "ensconced" in some extraordinary way beyond that which ordinarily occurs when trustees are appointed in bankruptcy proceedings.

Appellant's second argument is that the Trustee's appointment has "essentially removed Ancona from control of all his financial affairs".  (Id.) This argument is simply a restatement of what trustees are appointed to do:  manage the financial affairs of debtors.  Once a bankruptcy judge has made a determination that appointment of a trustee is appropriate, loss of control by the debtor follows. That Ancona would prefer it otherwise—and indeed may find it offensive that he has lost control—does not support a finding of irreparable harm.  No facts have been proffered that suggest that he is somehow in a worse position by the appointment of a trustee than any other debtor would be.

Appellant's third and final argument is that the Trustee's appointment will "seriously compromise[] Ancona's prosecution of his highly complex objection to the approximate $20.6 million dollar claim asserted against him by the Appellee."  (Id.) This assertion appears to be based on the fact that Ancona's current bankruptcy counsel, who has participated in the relevant adversary proceeding for two years, is unlikely to be paid or retained by the Trustee.  Thus, his knowledge will be lost to Ancona. (The litigation counsel with the most experience on the matter withdrew during the summer of 2016 and new counsel does not yet have significant

7

experience in the matter.)  This argument also fails to support a finding of irreparable harm.

First, the Trustee will be in a position to retain necessary and adequate counsel to assist with the litigation; that is one of the jobs of a trustee and they do it all the time.  There are also numerous cases every day that involve new counsel coming into a complex matter and having to get up to speed quickly.  That process is not unusual and not in and of itself does not inflict harm.

Second, Ancona can of course always choose to retain his bankruptcy counsel to advise him, thereby leveraging his experience in the adversary proceeding.  The question is only one of payment:  will Ancona's estate pay or will Ancona have to find another source?  The latter may be the case—but that fact does not constitute irreparable harm.  This Court has no facts before it suggesting that there is something about a particular counsel's experience that cannot be adequately replaced.

A showing of irreparable harm is required for issuance of a stay pending appeal as well as a TRO.  See Nken, 556 U.S. at 434.  As appellant has failed to make such a showing, both applications must be denied.

IV.   CONCLUSION

For the reasons set forth above, appellant's motion for a TRO and a stay pending appeal is DENIED.

As stated in the Court's November 15, 2016 Order (ECF No. 5), the parties are directed to file promptly on ECF all papers in support of an in opposition to the motion.

8

The parties shall also submit a proposed briefing schedule with respect to the underlying appeal not later than **Wednesday, November 30, 2016.**

The Clerk of Court is directed to terminate the motions at ECF Nos. 7 and 9.

SO ORDERED.

Dated:     New York, New York
           November 17, 2016

                                    _____
                                    KATHERINE B. FORREST
                                    United States District Judge

9